IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES IRVIN HILL                                                                    PLAINTIFF

v.                                                                          No. 3:19CV79-NBB-DAS

ANTWAN JONES, ET AL.                                                          DEFENDANTS

**MEMORANDUM OPINION**

The court, *sua sponte*, reviews this *pro* se prisoner complaint filed under 42 U.S.C. § 1983 for consideration of dismissal. The plaintiff complains that various people have conspired to have him arrested and to prevent him from being released on parole. After carefully considering the contents of the *pro* se complaint and giving it the liberal construction required by *Haines v.* Kerner, 404 U.S. 519 (1972), the court has concluded that the complaint is wholly without substantive merit.

**Mr. Hill's Previous Case**

Mr. Hill has filed another case in this court which, in some aspects, is similar to the present one. *See Hill v. Hill*, 3:18CV139-GHD-JMV (N.D. Miss.) As with the instant complaint and other pleadings, the previous ones were difficult to construe; as such, the court restated Mr. Hill's allegations in the interest of brevity and clarity. Mr. Hill has been involuntarily committed to mental institutions at least seven times; though he states, "It's a known fact that I have no mental problem. I am disabled for seizure disorder…. Also[, I] take no medication at current time nor ever needed any." *Hill v. Hill, supra,* Doc. 8 at 4, 6. He stated, "There is a very large coven [on the Hill at Midway] and other place[s] within Tallahatchie County, MS." *Id.* Doc. 8 at 6. Mr. Hill alleged that, starting near Christmastime in 2016:

> I was drugged and sexually assaulted by my father and others watched this and recorded it on [their] phones. It was made known to me around mid-March of 2017 from a pastor in New York at a hearing with lawyers and reporters[.] This was done after I came back from Tri-Lakes West Wing [a psychiatric institution] in Batesville,

> MS. My eyes are very good and I've seen alot. There are a number of informants for the federal authorities. I myself went into the website and signed up for this and have been contacted and watched the money distributed out by the others. Not only myself was assaulted or exploited[,] my sisters and their children[,] male and female alike.
>
> …
>
> I have been sent off seven (7) times to mental institutions and place in prison for what I know and lived through. Alot of this may be sealed to protect those who are still alive. I have seen death at the hands of some and the clean up crews and what they wear. I never one time lost courage in the face of death or when they tried to say I was seeing things.

*Id*. Mr. Hill made other, similar assertions throughout his pleadings. He also alleged that various people, inside and outside of government, are conspiring to prevent his release on parole. At some point a court sent Mr. Hill "to the State Hospital at Whitfield like he was seeing things and the abuse never occurred." *Id*. at 5. Mr. Hill became concerned when "[an] MDOT truck follow us into town front and back, then Parole and Probation would arrive wherever I was at, telling me I owed them money for being in jail." *Id*. at 6. Mr. Hill also states, "All this has to do with government contracted informants." *Id*.

## The Present Case

In the present case, Mr. Hill makes similar allegations. He alleges that his parole was improperly revoked because his is a confidential informant, stating that he "told [the Constable] there was money and types of federal and states evidence here on the property and in my personal room and that my number was C9 CI and had an emergency contact in Quitman County." Doc. 6 at 4. He also alleges that other confidential informants have been "left to run wild," interfering with his supervised release. Doc. 6 at 2. He believes that these confidential informants are staying in a "Federal Site under seal of the Court," but the informants have caused some type of "damage." *Id*. In a letter addressed to the United States Attorney General, he states:

> This is a CI, C9 James I. Hill currently on a Federal Administer Site in Tallahatchie County, MS 38948 1348 Tatum Pond Rd Oakland, MS 38948 outside of Charleston,

> MS. I have been arrested by those who seek to obtain Federal Evidence and have placed it at risk. Your help is needed ASAP!

Doc. 6 at 45. The plaintiff also alleges that he, himself, is "a Site Administrator and CI for Federal Authorities …." Doc. 6-1 at 3.

As in the previous case, the plaintiff believes that he is a confidential informant in charge of a "Federally Administered Site." He believes that, as a confidential informant, he reports directly to the United States Attorney General – and that a conspiracy exists among a host of people in various jobs and walks of life (inside and outside of government) to prevent his release on parole. The court has not included the minutiae from the plaintiff's submissions because they make little sense and have no impact on the decision in this case.

## Discussion

After carefully considering the contents of the *pro* se complaint and giving it the liberal construction required by *Haines v.* Kerner, 404 U.S. 519 (1972), the court has concluded that the complaint is without substantive merit. The complaint consists entirely of the plaintiff's belief that he is a high-level confidential informant – and that a many people have conspired to arrest him, frustrate his communication with those to whom he reports, and prevent him from being released on parole. He has been involuntarily committed to a mental institution seven times – at least once based upon allegations similar to those in the instant complaint.

A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). The law empowers judges to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Id.*, 490 U.S. at 327, 328.

The plaintiff's allegations unquestionably are examples of "fantastic or delusional scenarios." As such, they will be dismissed. A final judgment consistent with this opinion will be entered today.

**SO ORDERED**, this, the 4th day of June, 2019.

                                             /s/ Neal Biggers
                                             NEAL B. BIGGERS
                                             SENIOR U. S. DISTRICT JUDGE